# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: July 7, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| BRENDA CARRASQUILLO, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 21-1866V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Interim Attorneys' Fees and Costs. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

Bruce William Slane, Law Offices of Bruce W. Slane, P.C., White Plains, NY, for Petitioner.
Kyle Edward Pozza, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On September 16, 2021, Brenda Carrasquillo ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that as a result of an influenza ("flu") vaccine administered on November 3, 2018, Petitioner developed injuries including neuropathy, neuritis, paresthesia, neuralgia, arthralgia, myalgia, myositis, and chronic fatigue. Petition at 1 (ECF No. 1).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On May 10, 2023, Petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorneys and paralegals who worked on her case.  Petitioner's Interim Application for Attorneys' Fees and Costs ("Pet. App."), filed May 10, 2023 (ECF No. 43).  Petitioner's request can be summarized as follows:

**Fees** – $30,331.25
**Costs** – $1,706.94

Petitioner thus requests a total of $32,038.19.  Respondent did not file a response by the court-imposed deadline.

This matter is now ripe for adjudication.  For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards $30,521.63 in attorneys' fees and costs.

I.    DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  § 15(e)(1).  When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id.  If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis.  Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).  Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  Id.  Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim."  Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis.  See Pet. App. at 4.  Moreover, the undersigned finds that an award of interim attorney's fees and costs is appropriate here where there are significant fees to be paid and where Petitioner's counsel intends to withdraw as attorney of record.  See id. at 5-6; Motion to Withdraw as Attorney of Record, filed May 11, 2023 (ECF No. 44).

    A.    Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera, 515 F.3d at 1349.  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." Raymo v. Sec'y of Health & Hum. Servs., 129 Fed. Cl. 691, 703 (2016).

Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing Petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Saxton, 3 F.3d at 1522.

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729(Fed. Cl. 2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

1. **Hourly Rates**

Here, Petitioner requests the following hourly rates for the attorneys and paralegals who worked on this matter:

**Bruce Slane – Attorney**
  2019: $355.00
  2020: $365.00
  2021: $375.00
  2022: $400.00
  2023: $425.00

**Christian Martinez – Attorney**
  2020: $225.00
  2021: $235.00
  2022: $265.00

**Paralegals/Law Clerk**

3

       2019: $148.00
       2020: $151.00
       2021: $154.00-$172.00
       2022: $150.00-$177.00
       2023: $182.00

      The undersigned finds the requested rates are reasonable and in accordance with what these attorneys and paralegals have previously been awarded for their Vaccine Program work. See, e.g., Hinton v. Sec'y of Health & Hum. Servs., No. 16-1140V, 2022 WL 17829727, at *2 (Fed. Cl. Spec. Mstr. Nov. 2, 2022) (awarding Mr. Slane's rates for 2019-2022, Mr. Martinez's rates for 2020-2022, and the paralegals/law clerks' rates for 2019-2022); Gill v. Sec'y of Health & Hum. Servs., No. 19-1509V, 2022 WL 10510186 (Fed. Cl. Spec. Mstr. Sept. 9, 2022) (same); Voag v. Sec'y of Health & Hum. Serv., No. 20-1359V, 2023 WL 183400, at *2 (Fed. Cl. Spec. Mstr. Jan. 13, 2023) (awarding Mr. Slane's and Mr. Martinez's rates for 2019-2022); Houy v. Sec'y of Health & Hum. Servs., No. 21-18V, 2023 WL 4270727, at *1 (Fed. Cl. Spec. Mstr. May 23, 2023) (awarding Mr. Slane's 2023 rate and the law clerk's 2023 rate). Accordingly, the undersigned will award the requested rates.

### 2. Reduction of Billable Hours

      The undersigned has reviewed the submitted billing entries and finds a small reduction necessary. First, many of the entries for communication, including telephone calls, letters, and emails, do not contain enough specificity for the undersigned to determine their reasonableness. See Mostovoy v. Sec'y of Health & Hum. Servs., No. 02-10V, 2016 WL 720969, at *6 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) ("It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable."). For example, there are various entries for "TC to [or from] client" and "TC to [different medical providers]" without more details and some of these entries occurred numerous times on the same days. While a select few of the communications do contain more details such as "TC to client re treatment and vaccine program" and "message to client re help getting medical records," a majority are not specific enough to determine reasonability. And "TC to client re case" is also not detailed enough to explain the time billed.

      Second, various entries are for time completing administrative tasks, such as filing documents. "Clerical and secretarial tasks should not be billed at all, regardless of who performs them." Paul v. Sec'y of Health & Hum. Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023); see also Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"). For example, in September 2021, Petitioner's firm billed for "prepare and file petition," "prepare and file motion for subpoena authority," "prepare and file motion for enlargement of time," and "prepare and file notice of filing." See Pet. App., Tab A at 20-21. Counsel continued to bill for filing documents throughout litigation, with the last entry being "file motion for enlargement of time" dated March 13, 2023, and with most entries under the category "filing." Id. at 30.

These are not new issues to Mr. Slane. See, e.g., Hinton, 2022 WL 17829727, at *3 (reducing fees award for vague communication entries and billing for administrative tasks); Knapp v. Sec'y of Health & Hum. Servs., No. 17-764V, 2020 WL 6146577, at *2 (Fed. Cl. Spec. Mstr. Sept. 18, 2020) (same); Johnson v. Sec'y of Health & Hum. Servs., No. 16-415V, 2020 WL 3496145, at *2 (Fed. Cl. Spec. Mstr. May 6, 2020) (reducing fees award for billing administrative tasks). Thus, the undersigned finds a 5% reduction in fees reasonable. This results in a reduction of $1,516.56.[3]

### B.     Attorneys' Costs

Petitioner requests $1,706.94 to cover miscellaneous expenses, including obtaining medical records, Fed Ex costs, the filing fee, and travel. Pet. App., Tab A at 32-33; Pet. App., Tab B. The undersigned finds these costs reasonable and will award them in full.

### C.     Form of Payment

While reasonable attorneys' fees and costs are typically awarded in the form of a check payable jointly to Petitioner and Petitioner's counsel, "special masters have ordered that a fees and costs award [may] be made payable directly to [P]etitioner's counsel, in circumstances in which the counsel could no longer make contact with the [P]etitioner." Goodridge v. Sec'y of Health & Hum. Servs., No. 01-320V, 2014 WL 3973905, at *2-6 (Fed. Cl. Spec. Mstr. May 20, 2014) (analyzing the policy reasons justifying the issuance of an attorneys' fee and costs award directly to counsel including the argument that it would "fulfill the Congressional intent to encourage attorneys to assist Vaccine Act petitioners") (citing Gitesatani v. Sec'y of Health & Hum. Servs., No. 09-799V, 2011 WL 5025006, at *4-8 (Fed. Cl. Spec. Mstr. Sept. 30, 2011) (finding that awarding attorneys' fees and costs to counsel alone was appropriate where Petitioner moved out of the country and was "absent and unavailable")); see also Ortiz–Mutilitis v. Sec'y of Health & Hum. Servs., No. 03-59V, 2012 WL 3902472, at *4 n.9 (Fed. Cl. Spec. Mstr. Aug. 14, 2012) ("[A] special master may award attorney fees and costs directly to counsel, who is the real party in interest in all fees application.").

Here, Petitioner's counsel requests payment be made directly to counsel since he has lost contact with Petitioner. Petitioner's counsel filed a declaration indicating Petitioner has not incurred any fees or costs related to the petition and that despite multiple attempts, Petitioner's counsel lost contact with Petitioner in March 2023. Pet. App., Tab C. Respondent did not file a response arguing against the form of the payment. The Court ordered Petitioner's counsel to file an affidavit outlining the steps he has taken to contact his client. Order dated May 30, 2023 (ECF No. 45). The affidavit explains that on March 8, 2023, Petitioner's counsel spoke with Petitioner on the phone and sent her a letter which was delivered the following day. Affidavit, filed June 15, 2023, at ¶ 4 (ECF No. 47). On March 14, March 28, April 20, April 26, and May 5, Petitioner's counsel called Petitioner, but Petitioner failed to answer or return the calls and voicemails. Id. at ¶¶ 5-6. On May 10, Petitioner's counsel mailed Petitioner a letter and a copy of the interim application for attorneys' fees and costs. Id. at ¶ 7. On May 11, Petitioner's

---

[3] $30,331.25 x 0.05 = $1,516.56.

counsel mailed Petitioner a letter and a copy of the motion to withdraw. Id. at ¶ 8. On June 1, June 2, and June 14, Petitioner's counsel again called Petitioner, but Petitioner failed to answer or return the calls. Id. at ¶ 9. At the time of filing the affidavit, on June 15, 2023, Petitioner's counsel had still not received any correspondence from Petitioner. Id. at ¶ 13. The undersigned finds the application of Goodridge appropriate here.

## II.     CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner's counsel as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $ 30,331.25 |
| Reduction of Attorneys' Fees: | - ($ 1,516.56) |
| Awarded Attorneys' Fees: | $ 28,814.69 |
| | |
| Requested Attorneys' Costs: | $ 1,706.94 |
| Awarded Attorneys' Costs: | $ 1,706.94 |
| | |
| **Total Interim Attorneys' Fees and Costs:** | **$ 30,521.63** |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $30,521.63, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable to Petitioner's counsel of record, Bruce Slane.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[4]

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.